Filed 11/20/14  In re Jonathan A. CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re JONATHAN A., a Person Coming Under the Juvenile Court Law.<br><br>SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>JOSE N.,<br><br>      Defendant and Appellant. | D066345<br><br>(Super. Ct. No. J518967) |

APPEAL from a judgment of the Superior Court of San Diego County, Michael J. Martindill, Referee.  Affirmed in part, reversed in part and remanded.

Gorman Law Office and Seth F. Gorman, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas E. Montgomery, County Counsel, John E. Philips, Chief Deputy County Counsel and Erica R. Cortez, Deputy County Counsel, for Plaintiff and Respondent.

Jose N. appeals following the jurisdictional and dispositional hearing in the juvenile dependency case of minor Jonathan A. Jose contends the court erred by denying a hearing on his request for presumed father status (Fam. Code, § 7611, subd. (d)). We agree.

BACKGROUND

In April 2014 the San Diego County Health and Human Services Agency (the Agency) filed a dependency petition for one-year-old Jonathan. The petition alleged methamphetamine use by his mother, Judy A. The petition also alleged Jose had a long history of drug-related arrests and was incarcerated on charges of possessing controlled substances. Jonathan was detained with a relative.

In May 2014 Jose's counsel requested paternity testing. Counsel also requested presumed father status for Jose (§ 7611, subd. (d)) based on the parentage questionnaires Jose and Judy had completed. Jose's questionnaire claimed Jonathan had lived with him from June 2013 to December 2013 or January 2014. Judy's questionnaire claimed Jonathan had lived with Jose for one month in March 2013. The court (Judge Riggs) stated, "I believe the amount of time that the child was exposed to [Jose] was at the most one month, according to the questionnaire. And the court finds that that's not sufficient to determine that he is a presumed father at this point, especially in light of the remaining questions on the questionnaire and the responses thereto." After Jose objected to the finding and asked to be heard further, the court deferred ruling on the presumed father request. The court granted Jose's request for paternity testing and said, "So he'll remain an alleged father until after the DNA testing. As I said, I find that based on the

2

allegations in the questionnaire, it's insufficient to go under . . . [section] 7611." After the court ordered the petition amended by adding the name of another alleged father, Jose said, "[Judy] stayed with me for approximately six months at [my grandmother's] house." Jose asked that his grandmother, his brother and "people that live at the house" be interviewed and their testimony and statements be obtained. The court responded, "The social worker will have it reassessed in the assessment." Jose added, "That's my son, no matter what" and "I love my son." The court set a hearing for June 19.

On June 18, 2014, the Agency received the paternity test results: a 99.99 percent probability that Jose was the father. On June 19 the court (Referee Martindill) found that Jose was Jonathan's biological father and made a true finding on the petition. Jose's counsel renewed the request for presumed father status. Counsel for the Agency, Jonathan and Judy submitted on the issue. Quoting the May minute order, the court stated, " 'The request for presumed status for father under [section 7611, subdivision (d)], the Court is not finding father presumed at this time. Father remains alleged until DNA testing is done.' That would lead me to believe that at that hearing there was not sufficient factual basis for it finding [section 7611, subdivision (d)]." The court declared Jonathan a dependent, removed him from Judy's custody, found it would be detrimental to Jonathan to be placed with Jose and ordered Jonathan placed with a relative. The court ordered services for both Judy and Jose.

## DISCUSSION

Jose contends Referee Martindill abused his discretion by denying a hearing on the request for presumed father status in the mistaken belief that Judge Riggs had denied the

3

request.  Jose argues the denial of a hearing contravened his due process rights, noting the Agency had not provided an assessment of his witnesses as Judge Riggs had directed. The Agency has filed a letter brief stating that it does not oppose Jose's request for a hearing on presumed father status or his request for presumed father status.

The court effectively denied Jose's request for presumed father status as well as his request for a hearing on that issue.  We reverse and remand for a hearing.

DISPOSITION

The jurisdictional findings and dispositional order are affirmed.  The order denying Jose's request for presumed father status and denying his request for a hearing on that issue is reversed.  The case is remanded to the juvenile court for a hearing on Jose's request for presumed father status.

BENKE, Acting P. J.

WE CONCUR:


HALLER, J.


O'ROURKE, J.

4